**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

UNITED STATES OF AMERICA

v.                                                    CRIMINAL NO. 4:05mj252

ERICK FLORES-MOTA,

        Defendant.

<u>**ORDER**</u>

In accordance with Rule 5.1 of the Federal Rules of Criminal Procedure and the Bail Reform Act, 18 U.S.C. § 3142(f), the Court held a preliminary and detention hearing on December 22, 2005. For the reasons set forth below, the Court FINDS that there is probable cause to believe that the defendant committed the charged offenses and that his detention is warranted.

On December 16, 2005, the defendant was charged by criminal complaint with possession of an identification document that appears to be an identification document of the United States without lawful authority, knowing that document to have been produced without such authority, possessing, obtaining, accepting and receiving a document prescribed by statute and regulation for entry into and as evidence of authorized stay in the United States knowing such document to have been procured by fraud and unlawfully obtained, and using an identity document knowing that the document is false, in violation of 18 U.S.C. §§ 1028, 1546(a), and 1546(b)(2).

To support a finding of probable cause, the Government offered the testimony of Richard S. Jordan, a Task Force Officer with the Federal Bureau of Investigation.  The defendant cross-examined Officer Jordan.  The Court, having taken into consideration the testimony of Officer Jordan and his affidavit FINDS the existence of probable cause to believe that the defendant committed the charged offenses.

The defendant declined to put on evidence regarding his detention and waived his detention hearing.  A defendant may waive the right to a detention hearing guaranteed to him by 18 U.S.C. § 3142(f).  See United States v. Clark, 865 F.2d 1433, 1436 (4th Cir. 1989) (en banc) (holding that a defendant may waive the right to a detention hearing or to the holding of a detention hearing within the time requirements of 18 U.S.C. § 3142(f)).  In accepting the defendant's waiver, the Court notes that the defendant likely represents a substantial risk of flight, as he is currently subject to a detainer filed by the Bureau of Immigration and Customs Enforcement.  The Court also notes that the defendant was represented by counsel at the detention hearing and assisted by an interpreter.

Accordingly, the Court FINDS that the defendant should be detained pending trial.  The Court therefore ORDERS the defendant DETAINED pending trial.  See 18 U.S.C. § 3142(e) and (f); United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991); United States

v. Araneda, 899 F.2d 368, 370 (5th Cir. 1990); United States v. Jackson, 823 F.2d 4, 5 (2d Cir. 1987); United States v. Medina, 775 F.2d 1398, 1402 (11th Cir. 1985).

Consequently, the Court further ORDERS the defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this order to (i) the United States Attorney at Norfolk, (ii) the United States Marshal at Norfolk, (iii) the United States Pretrial Services Office at Norfolk, and (iv) counsel of record for the defendant. ENTERED this 22nd day of December, 2005.

```
                                     _____/s/_____
                                     F. Bradford Stillman
_____     United States Magistrate Judge
```